IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| DAVID WOOD, individually and derivatively on behalf of AESTHETIC DENTAL ARTS, INC., | : : : : : |
| Plaintiff, | : CIVIL ACTION NO. : 3:10-CV-147-RWS |
| v. | : : : |
| JOHN GOLDEN, | : : |
| Defendant. | : : |

**ORDER**

This case comes before the Court on Defendant's Motion to Dismiss [2], Defendant's Motion to Compel [6], and Defendant's Motion for Attorneys' Fees and Expenses [7]. After considering the record, the Court enters the following Order.

**Background**

In January 1992, Plaintiff moved to Georgia to begin working with Defendant at Aesthetic Dental Arts, Inc. ("Aesthetic" or "Corporation"). (Dkt. [1-2] at ¶ 7). Defendant made Plaintiff a partner in the Corporation in 1993. (Id. at ¶ 8). Plaintiff contends that at all times relevant to this action, he and

Defendant owned equal shares of the Corporation. (Id. at ¶ 2). Plaintiff contends that from January 2007 to February 2010 he was the CEO of the Corporation. (Id. at ¶¶ 9,10). On February 18, 2010, the Corporation held an annual shareholders meeting, at which Plaintiff alleges Defendant elected himself President, CEO, and CFO, and also named himself as the registered agent of the Corporation. (Id. at ¶¶ 14-15).

Following this election, Defendant began the process of dissolving the Corporation, and on March 11, 2010, acting as CEO of the Corporation, he executed Articles of Dissolution. (Id. at ¶¶ 16-17). On March 18, 2010, the Secretary of State issued a Certification of Dissolution of the Corporation. (Id. at ¶ 18). The following day, Defendant created Golden Dental Laboratory LLC ("GDL"), which operates at the Corporation's former place of business, employs the Corporation's former employees, and uses the same equipment used by the Corporation. (Id. at ¶¶ 19, 21-23).

Plaintiff asserts that Defendant, through his actions in dissolving the Corporation and establishing GDL, breached his fiduciary duties of loyalty, good faith, and fair dealing to the Corporation and intentionally defrauded Plaintiff. (Id. at ¶¶ 24-25, 35-50). Plaintiff has styled the case as being brought on behalf of himself individually and derivatively on behalf of Aesthetic. The

2

Complaint states that the action is being brought "derivatively for the benefit of the Corporation." (Dkt. [1-2] at ¶ 31).

## Discussion

### I.   Defendant's Motion to Dismiss

####   A.   Motion to Dismiss Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. ----, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). In order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Id.

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most

3

favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). However, the same does not apply to legal conclusions set forth in the complaint. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949. The court does not need to "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

    B.    Plaintiff's Claims

Defendant contends that Plaintiff's Complaint should be dismissed because: (1) "Plaintiff lacks standing to pursue this action because of Plaintiff's failure to comply with O.C.G.A. § 14-2-742"; (2) Plaintiff has not plead fraud with particularity; and (3) Plaintiff fails to state any individual, rather than derivative claims. (Dkt. [2-1] at 1). For the reasons stated below, Defendant's Motion to Dismiss [2] is **DENIED**.

        i.    Plaintiff's ability to assert his claims against Defendant.

O.C.G.A. § 14-2-742 states that: "A shareholder may not commence a derivative proceeding until: (1) A written demand has been made upon the corporation to take suitable action; and (2) Ninety days have expired from the date the demand was made . . . ." Defendant contends that Plaintiff has failed to

4

make the demand required by Georgia law, and therefore he lacks standing to bring his claims against Defendant as a shareholder in a derivative proceeding. Plaintiff contends that letters he sent to Defendant satisfy the requirement of O.C.G.A. § 14-2-742.  The Court does not find that the letters constitute a "written demand" for "the *corporation* to take suitable action" as required by the statute, therefore Plaintiff has failed to meet the requirements of O.C.G.A. § 14-2-742 necessary to assert a derivative claim.  However, this determination is not dispositive, because for the reasons discussed below, under the facts of this action a direct rather than derivative action is proper.

"The general rule in the corporate context is that a shareholder suit seeking to recover damages for breach of fiduciary duties owed to the corporation must be brought as a derivative suit on behalf of the corporation." Stoker v. Bellmeade, LLC, 615 S.E.2d 1, 7 (Ga. Ct. App. 2005) (citation omitted), rev'd in part on other grounds by Bellemead, LLC v. Stoker, 631 S.E.2d 693 (Ga. 2006). "A shareholder has standing to bring a direct action, seeking recovery on behalf of the shareholder individually, only if the suit alleges a special injury separate and distinct from that suffered by other shareholders, or alleges a wrong involving a shareholder contractual right existing apart from any right of the corporation." Id. (citation omitted).

5

"However, even where the allegations of the complaint do not show standing to assert a direct action, a direct action may nevertheless be proper in the context of a closely held corporation where the circumstances show that the reasons for the general rule requiring a derivative suit do not apply."[1]  Id. (citations omitted).  The Supreme Court of Georgia in Thomas v. Dickson, 301 S.E. 2d 49, 51 (Ga. 1983), has noted that when the reasons for requiring a derivative suit do not exist, the general rule need not apply.  The reasons for requiring derivative suits in the ordinary corporate context are (1) to prevent a multiplicity of suits by shareholders; (2) to protect corporate creditors by ensuring that the recovery goes to the corporation; (3) to protect the interest of all the shareholders by ensuring that the recovery goes to the corporation; and (4) to adequately compensate injured shareholders by increasing their share values.  Id.

   In Thomas, the court held that the reasons for requiring a derivative action were not present.  Id.  In that case, the plaintiff was the only injured shareholder, thus there was no concern about a multiplicity of lawsuits.  Id.  The

---

[1] Direct actions may be proper when circumstances show that the reasons underpinning derivative suits are not applicable, even if the corporate entity at issue has not been created as a statutory close corporation.  Telcom Cost Consulting, Inc. v. Warren, 621 S.E.2d 864, 868 (Ga. Ct. App. 2005).

6

plaintiff in that action would also not be adequately compensated by a corporate recovery. Id. The court noted that the potential benefit for a shareholder of a corporate recovery is the increase in share value, but since there is not a market for the shares of a closely held corporation, this rationale did not apply to the plaintiff. Id. Similarly, in Stoker, the court also found that the reasons for requiring a derivative action did not exist, and therefore the trial court had correctly held that the plaintiff had standing to assert claims directly. 615 S.E.2d at 8. In Stoker, the court held that there was no risk of multiple suits in an action concerning two-member LLCs, nor would the suit prejudice the rights of the other member. Id.

As was the case in Thomas and Stoker, the reasons for requiring Plaintiff to bring a derivative action do not exist in this action. The Corporation had only two shareholders–Plaintiff and Defendant–therefore, there is no risk of multiple suits. With both shareholders as parties to this action, there is no risk that Plaintiff's action will prejudice any shareholder not a party to the action. Finally, there is no indication in the record that any creditor concerns necessitate a derivative, rather than direct, action. Therefore, Plaintiff may assert his claims in a direct action. Also, Plaintiff's claims, whether styled as an individual claim or derivative claim, can be appropriately brought against

7

Defendant as a direct action.  See Phoenix Airline Servs., Inc. v. Metro Airlines, Inc., 397 S.E.2d 699, 701 (Ga. 1990) (citations omitted) ("The determination [of whether a claim is direct or derivative] is made by looking to what the pleader alleged.  It is the nature of the wrong alleged and not the pleader's designation or stated intention that controls the court's decision.").

        ii.       Plaintiff's pleading of fraud.

Count IV of Plaintiff's Complaint set forth a claim for fraud.  It asserts that "Plaintiff was fraudulently induced by Defendant to remain as a stockholder of the corporation through the dissolution of the Corporation," and that Defendant had "represented to Plaintiff that he would represent the best interests of the Corporation and its shareholders."  (Dkt. [1-2] at ¶¶ 62, 63). The Court agrees with Defendant that the Complaint contains "nothing stating [specifically] how the Defendant induced the Plaintiff to do or not do anything." (Dkt. [2-1] (internal punctuation and quotation omitted)).  Federal Rule of Civil Procedure 9(b) requires a party to "state with particularity the circumstances constituting fraud."  Plaintiff has failed to do so.  Nonetheless, the Court will allow Plaintiff an opportunity amend his Complaint to attempt to plead fraud with the necessary particularity.  Following the filing of an amended complaint,

8

Defendant may renew his motion to dismiss Plaintiff's claim of fraud if Defendant contends it is not adequately plead.

## II.  Defendant's Motion to Compel and Motion for Attorneys' Fees

Defendant seeks attorneys' fees pursuant to O.C.G.A. § 14-2-746(2) which states that upon termination of a derivative proceeding the court may "[o]rder the plaintiff to pay any defendant's reasonable expenses (including attorneys' fees) incurred in defending the proceeding if it finds that the proceeding was commenced or maintained without reasonable cause or for an improper purpose."  The Court does not find that the suit was commenced without reasonable cause or for an improper purpose.  Therefore, Defendants' Motion for Attorneys' Fees [7] is **DENIED**.

Defendant also asks the Court to compel Plaintiff to make the disclosures required by Federal Rule of Civil Procedure 26(a)(1) and provide a draft of the Joint Preliminary Planning Report.  Defendant's Motion [6] is unopposed and is **GRANTED**.  Plaintiff is **ORDERED** to file his Initial Disclosures and serve on Defendant a draft of the Joint Proposed Planning Report within 14 days of the entry of this Order.

9

## Conclusion

For the aforementioned reasons, Defendant's Motion to Dismiss [2] is **DENIED**, Defendant's Motion to Compel [6] is **GRANTED**, and Defendant's Motion for Attorneys' Fees and Expenses [7] is **DENIED**. Plaintiff shall have 14 days from the date of this Order to file an amended complaint consistent with this Order, in an attempt to plead fraud with particularity. Plaintiff is **ORDERED** to file his Initial Disclosures and serve on Defendant a draft of the Joint Proposed Planning Report within 14 days of the entry of this Order.

**SO ORDERED**, this  23rd  day of June, 2011.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE