## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

DAVID WOOD,                                    )
                                               )
        Plaintiff,                    )   CIVIL ACTION FILE
                                               )
    v.                                        )   NO. 3:10-CV-147
                                               )
JOHN GOLDEN,                                   )
                                               )
        Defendant.                    )
                                               )
_____        )

## AMENDED COMPLAINT

David Wood ("Plaintiff"), Plaintiff in the above-styled lawsuit, by and through the undersigned counsel, and with leave of Court, hereby files this Amended Complaint against John Golden ("Defendant"), showing the Court as follows:

### Jurisdictional Statement

1.

At the time Plaintiff filed the initial action in the Superior Court of Fayette County, Georgia, Plaintiff believed that Defendant was a resident of the State of Georgia.

1

2.

After filing this initial action, Defendant removed the case to this court, alleging that he was a resident of the State of Florida at the time of service.

3.

Upon information and belief, as provided by Defendant, Plaintiff reasonably believes that Defendant is a resident of the State of Florida.

4.

After removing the case to this Court, Defendant filed a Motion to Dismiss.

5.

The Court denied the Motion to Dismiss and granted Plaintiff leave to file an amended complaint. (See Dkt. [10]).

6.

At all times relevant, Plaintiff and Defendant were equal (50/50) partners in Aesthetic Dental Arts, Inc. (the "Corporation").

**General Allegations**

7.

Upon information and belief, Defendant started the Corporation on or about November 25, 1991 with a Ms. Robin S. Sherwood.

8.

Upon information and belief, Defendant was initially named the Corporation's Secretary.

9.

In or about January of 1992, Plaintiff moved to Georgia to begin working with Defendant at the Corporation.

10.

In or about August or September of 1993, Defendant made Plaintiff a partner in the Corporation.

11.

Plaintiff was named CEO and Registered Agent of the Corporation in January of 2007 in the Reinstatement filing after the Corporation had been administratively dissolved due to failure to file an annual registration.

12.

Thereafter, Plaintiff remained CEO and Registered Agent of the Corporation until the shareholders meeting held on February 18, 2010.

13.

Upon information and belief, in or about February of 2010, Defendant began diverting funds and assets of the Corporation for his own use and

benefit in a new business venture, Golden Dental Laboratories, LLC, (hereinafter "Golden Dental").

14.

At or about the same time, Defendant was making plans to initiate a corporate takeover and dissolve the Corporation solely for the benefit of himself and his new business.

15.

Defendant even tried to incorporate this business while still a corporate officer of the Corporation.  Attached hereto as Exhibit A, please find a true and correct copy of the information regarding Golden Dental Laboratory Corporation posted on the Georgia Secretary of State's website.

16.

In his capacity as Secretary of the Corporation, Defendant called the annual shareholders meeting for 4:30 p.m. on February 18, 2010 at 502 Stevens Entry, Peachtree City, Georgia, the Corporation's principal place of business and home office.  Attached hereto as Exhibit B, please find a true and correct copy of the Notice of Annual Meeting of Shareholders.

4

17.

At the annual shareholders meeting, Defendant elected himself President, CEO, CFO and named himself as the registered agent of the Corporation.

18.

Upon electing himself to every available position on the Board of Directors, Defendant began the process of dissolving the Corporation.

19.

Defendant executed Articles of Dissolution of the Corporation on March 11, 2010 as CEO of the Corporation. Attached hereto as Exhibit C, please find a true and correct copy of the Articles of Dissolution dated March 11, 2010 and executed by Defendant.

20.

On March 18, 2010, the Secretary of State issued a Certificate of Dissolution of the Corporation. Attached hereto as Exhibit D, please find a true and correct copy of the Certificate of Dissolution dated March 18, 2010.

21.

The next day, March 19, 2010, Defendant created Golden Dental Laboratory, LLC. Attached hereto as Exhibits E and F, respectively, please find true and correct copies of the Articles of Organization of Golden Dental

Laboratories, LLC, dated March 19, 2010, and the Certificate of Organization of Golden Dental Laboratories, LLC, dated March 19, 2010.

22.

Upon information and belief, Defendant is the sole member, as well as the registered agent, of Golden Dental.

23.

Golden Dental now conducts its business at 502 Stevens Entry, Peachtree City, Georgia, the former principal place of business of the Corporation.

24.

Upon information and belief, Golden Dental currently employs the same employees that once worked for the Corporation.

25.

Upon information and belief, Golden Dental is using much of the same equipment used in the business of the Corporation.

26.

In his capacity as CEO of the Corporation, Defendant violated the fiduciary duties of loyalty, good faith, and fair dealing in preparing to open a competing entity and by dissolving the Corporation for the benefit of the competing entity.

27.

In his capacity as CEO of the Corporation, Defendant intentionally defrauded Plaintiff by dissolving the Corporation, preparing to transfer assets and hire employees from the Corporation, and devaluing the Corporation so as to avoid having to purchase Plaintiff's shares at market cost.

28.

Prior to the dissolution of the Corporation, the Corporation had a value of approximately $481,435.19.

29.

The value of Plaintiff's portion of the corporation at that time was approximately $240,717.60.

30.

Since the dissolution of the Corporation, Plaintiff has made several efforts to resolve this matter by offering proposals of settlement through counsel.

31.

Those efforts have failed.

32.

Defendant, through his actions, has been stubbornly litigious and left Plaintiff no option but to file this instant derivative action.

## **Count One**

### **(Breach of Fiduciary Duty and Duty of Loyalty)**

33.

Plaintiff hereby incorporates by reference paragraphs 1 through 32 of this Complaint as if fully stated herein verbatim.

34.

From February 18, 2010 until dissolution, Defendant was the Corporation's President.

35.

As President of the Corporation, Defendant owed the Corporation and its shareholders a fiduciary duty.

36.

Defendant owed the Corporation and its shareholder's a duty of care.

37.

Defendant owed the Corporation and its shareholder's a duty of loyalty and a duty to act in the best interests of the Corporation and its shareholders.

38.

Defendant owed the Corporation and its shareholder's a duty to exercise the care of an ordinary prudent person in like circumstance.

39.

Beginning in or near February of 2010, Defendant began making preparations to open a business which would operate in direct competition with the Corporation.

40.

Defendant took steps to dissolve the Corporation for the benefit of Defendant and the new entity Defendant planned to create.

41.

Defendant sought to dissolve the Corporation because it would be cheaper for him to dissolve the Corporation, compensate Plaintiff for any assets upon winding up of the business, and start a new company with the same assets and employees than it would be to buy out Plaintiff's interest in the Corporation at market value of Plaintiff's stock.

42.

Defendant's actions were intentional, willful, wanton, malicious, with an entire want of care, and with the specific intent to injure the Plaintiff and Corporation and to benefit himself.

43.

Plaintiff and the Corporation were not benefited, and were, in fact, harmed by Defendant's actions.

44.

As a result of his actions and self dealing, Defendant breached his fiduciary duties to Plaintiff and the Corporation.

45.

As a result of his actions and self dealing, Defendant breached his duty of loyalty to Plaintiff and the Corporation, as he failed to act in the best interests of Plaintiff and the Corporation.

46.

Plaintiff attempted to resolve this matter without litigation, but Defendant has refused to engage in good-faith settlement negotiations.

47.

Defendant, through his actions, has been stubbornly litigious and left Plaintiff no option but to file this instant action.

48.

Plaintiff has suffered damages in an amount to be proven at trial, but in no event less than $240,717.60, the value of Plaintiff's portion of the corporation at the time Defendant breached his duties.

## Count Two

## (Corporate Accounting)

### 49.

Plaintiff hereby incorporates by reference paragraphs 1 through 48 of this Complaint as if fully stated herein verbatim.

### 50.

Based on Defendant's actions and self dealing, Plaintiff requires an accounting of the Corporation's financial books, accounts, records, and all other pertinent financial information to determine any amount due and owing the Corporation and its shareholders from Defendant.

## Count Three

## (Unjust Enrichment)

### 51.

Plaintiff hereby incorporates by reference paragraphs 1 through 50 of this Complaint as if fully stated herein verbatim.

### 52.

Through his actions, Defendant forced Plaintiff out of the Corporation by dissolving the Corporation and creating Golden Dental, which essentially operates as the same entity.

53.

Defendant has been conferred a benefit based on his dissolution of the Corporation and regeneration of a new entity operating as the same entity. This benefit shall be proven at trial, but in any event is no less than $240,717.60.

54.

Neither Plaintiff nor the Corporation received a commensurate benefit in exchange for the benefit Defendant received.

55.

In good conscience and as a matter of law, Defendant should not be permitted to retain this benefit.

56.

Defendant equitably should compensate Plaintiff and the Corporation for the benefit Defendant received.

57.

Plaintiff attempted to resolve this matter without litigation, but Defendant has refused to engage in good-faith settlement negotiations.

58.

Defendant, through his actions, has been stubbornly litigious and left Plaintiff no option but to file this instant action.

59.

Plaintiff has suffered damages in an amount to be proven at trial, but in no event less than $240,717.60.

## **Count Four**

## **(Fraud Accompanied With Damages)**

60.

Plaintiff hereby incorporates by reference paragraphs 1 through 59 of this Complaint as if fully stated herein verbatim.

61.

Plaintiff was fraudulently induced by Defendant to remain as a stockholder of the corporation through the dissolution of the Corporation.

62.

Defendant assured Plaintiff that he was acting for the benefit of the Corporation and Plaintiff and Defendant.

63.

Defendant's assurances and representations to Plaintiff, however, were untrue, as Defendant was working behind Plaintiff's back to start a new company to compete against the Corporation.

64.

Defendant also misrepresented to Plaintiff that the parties were equal partners with the Corporation.

65.

In fact, former corporate documents that were in Defendant's possession, but upon information and belief have been hidden or destroyed, would demonstrate that the parties were equal partners in the Corporation.

66.

With the parties being equal partners in the Corporation, then Defendant could not have elected himself President, CEO, CFO of the Corporation in 2010.

67.

Accordingly, Defendant's statements, assertions, and refusal to turn over corporate documents demonstrating and evidencing the equal partnership between the parties has allowed Defendant to dissolve the Corporation and take the Corporation's assets and business to his new business in an effort to self deal.

68.

Such statements, assertions, and actions on the part of Defendant constitute fraud under Georgia law.

69.

Defendant, by virtue of his position within the Corporation, represented to Plaintiff that he would represent the best interests of the Corporation and its shareholders.

70.

Defendant did not intend to represent the best interests of the Corporation, or its shareholders, in his capacity as a corporate officer.

71.

Defendant has engaged in self dealing while holding a corporate position which owes a fiduciary duty to its shareholders and the Corporation.

72.

Defendant intentionally induced the reliance of the Plaintiff in regard to Plaintiff's disposition of his shares.

73.

But for Defendant's representations and assurances regarding his dealings on behalf of the Corporation and the equal partnership between Plaintiff and Defendant, Plaintiff would not have entered into a partnership with Defendant.

74.

Plaintiff has suffered damages as a result of the fraud perpetrated against Plaintiff, and, therefore, brings this claim pursuant to O.C.G.A § 51-6-1.

75.

Plaintiff attempted to resolve this matter without litigation, but Defendant has refused to engage in good-faith settlement negotiations.

76.

Defendant, through his actions, has been stubbornly litigious and left Plaintiff no option but to file this instant action.

77.

Plaintiff has suffered damages in an amount to be proven at trial, but in no event less than $240,717.60.

## **Count Five**

### **(Punitive Damages)**

78.

Plaintiff hereby incorporates by reference paragraphs 1 through 77 of this Complaint as if fully stated herein verbatim.

79.

Defendant has acted willfully, wantonly, maliciously, with an entire want of care, and with the specific intent to injure Plaintiff and the Corporation.

80.

Defendant's conduct entitles Plaintiff to recover punitive damages in an amount to be determined by the enlightened conscience of the jury at trial, pursuant to § 51-12-5.1.

## Count Six

## (Attorney's Fees and Costs of Litigation)

81.

Plaintiff hereby incorporates by reference paragraphs 1 through 80 of this Complaint as if fully stated herein verbatim.

82.

Defendant has acted in bad faith, has been stubbornly litigious and has caused Plaintiff unnecessary trouble, harm, and expense.

83.

As a result, pursuant to O.C.G.A. § 13-6-11, Plaintiff is entitled to an award of reasonable expenses, including attorneys' fees in an amount to be proven at trial.

WHERREFORE, Plaintiff prays for the following relief:

a.    A trial by jury;

b.    An accounting of the Corporation's financial books, accounts, and records;

c.    Judgment against Defendant;

d.    An award of damages to be proven at trial for Defendant's unjust enrichment, fraud, and breach of fiduciary duty, but in no event less than $240,717.60;

e.    An award of punitive damages in an amount to be determined by the enlightened conscience of the jury, pursuant to O.C.G.A. § 51-12-5.1;

f.    An award of attorney's fees;

g.    An award of all costs in this action;

h.    An award of post-judgment interest at the legal rate; and

i.    Such other and further relief as is equitable and just.

Respectfully submitted this 6th day of July, 2011.

/s/ Christopher D. Brown
Christopher D. Brown
GABAR 140965
Attorney for Plaintiff
Miller & Brown, P.C.
P.O. Box 142908
Fayetteville, Georgia 30214
Ph. 770-461-2025
cbrown@millerbrownlaw.com

LOCAL RULE 7.1D CERTIFICATE

By signature below, counsel certified that the foregoing document was

prepared in Times New Roman, 14 point font in compliance with Local Rule

5.1B.

Respectfully submitted this 6th day of July, 2011.


/s/ Christopher D. Brown
Christopher D. Brown
GABAR 140965
Attorney for Plaintiff
Miller & Brown, P.C.
P.O. Box 142908
Fayetteville, Georgia 30214
Ph. 770-461-2025
cbrown@millerbrownlaw.com



# Georgia Secretary of State
# Brian P. Kemp

Archives • Corporations • Elections • News Room • Professional Licensure • Securities • State

Search
▸ **By Business Name**
▸ **By Control No**
▸ **By Officer**
▸ **By Registered Agent**
Verify
▸ **Verify Certification**
New Filing
▸ **Click here to file online for:**
▸ **New Limited Liability Company (LLC)**
▸ **New Business Corporation**
▸ **New Non-Profit Corporation**
▸ **New Professional Corporation (PC)**
Annual Registration
▸ **Annual Registration**
Name Reservation
▸ **File Name Reservation Online**
Online Orders
▸ **Register for Online Orders**
▸ **Order Certificate of Existence**
▸ **Order Certified Documents**

**Date: 3/4/2010**

## View Filed Documents
(Annual Registration History etc.)

## Business Name History

| Name | Name Type |
|------|-----------|
| GOLDEN DENTAL LABORATORY CORPORATION | Current Name |

## Professional Corporation - Domestic - Information

| | |
|---|---|
| **Control No.:** | 10011268 |
| **Status:** | Flawed/Deficient |
| **Entity Creation Date:** | 2/12/2010 |
| **Jurisdiction:** | GA |
| **Principal Office Address:** | 255 old mill ct Fayetteville GA 30214 |

## Registered Agent

| | |
|---|---|
| **Agent Name:** | golden, John T |
| **Office Address:** | 255 Old Mill ct Fayetteville GA 30214 |
| **Agent County:** | Fayette |



*A*

**AESTHETIC DENTAL ARTS, INC.**
**Notice of Annual Meeting of Shareholders**

Pursuant to call by the Secretary of Aesthetic Dental Arts, Inc., a Georgia corporation, the annual meeting will be held at 4:30 pm, on February 18, 2010 at 502 Stevens Entry, Peachtree City, Georgia. The purpose of the meeting is to elect a Board of Directors consisting of one or more members and such other business as is appropriate. Each share of stock is entitled to one vote with a majority vote required for election to the Board.

*B*

Control No: K120922
Date Filed: 03/18/2010 08:00 AM
Brian P. Kemp
Secretary of State



**Office Of The Secretary Of State**
**Corporations Division**

2010 MAR 18   PM 3: 13

**Articles Of Dissolution** SECRETARY OF STATE
CORPORATIONS DIVISION

Brian P. Kemp
Secretary Of State

**Article One**

The Name Of The Corporation Is:

Aesthetic Dental Arts, Inc

**Article Two**

The Date On Which The Notice Of Intent To Dissolve Was Filed With The Office Of Secretary Of State Was:

March 11, 2010

**Article Three**

The Notice Of Intent Has Not Been Revoked.

**Article Four**
**(Choose Only One Of The Following Statements)**

☐ All Known Debts, Liabilities, And Obligations Of the Corporation Have Been Paid And Discharged.
☒ Adequate Provision Of The Debts, Liabilities And Obligations Of The Corporation Have Been Made Therefor.

**Article Five**
**(Choose Only One Of The Following Statements)**

☐ All Remaining Property And Assets Of The Corporation Have Been Distributed To Its Shareholders In Accordance With Their Respective Rights And Privileges.
☒ Adequate Provision Of All Remaining Property And Assets Of The Corporation Have Been Made Thereof.
☐ All Remaining Property And Assets Of The Corporation Have Been Deposited With The Office Of Treasury And Fiscal Services In Accordance With O.C.G.A. §14-2-1440.

**Article Six**
**(Choose Only One Of The Following Statements)**

☒ There Are No Actions Pending Against The Corporation In Any Court.
☐ Adequate Provision Has Been Made For The Satisfaction Of Any Judgment, Order Or Decree Which May Be Entered Against The Corporation In Any Pending Action.

IN WITNESS WHEREOF, the undersigned has executed these Articles Of Dissolution

On March 11, 2010                          _(Signature)_ (CEO)
(Date)                                   (Signature And Capacity In Which Signing)

State of Georgia
With/Term/Dissolve 1 Page(s)

T100781302B

C

Control No. K120922

# STATE OF GEORGIA

## Secretary of State

### Corporations Division
### 315 West Tower
### #2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia  30334-1530

# CERTIFICATE
# OF
# DISSOLUTION

I, **Brian P. Kemp**, the Secretary of State and the Corporations Commissioner of the State of Georgia, hereby certify under the seal of my office that

## AESTHETIC DENTAL ARTS, INC.
### a Domestic Profit Corporation

has been duly dissolved, cancelled or terminated on **03/18/2010** under the laws of the State of Georgia by the filing of documents in the office of the  Secretary of State and by the paying of fees as required by the Official Code of Georgia Annotated and the Rules and Regulations promulgated there under.  Attached hereto is a true and correct copy of said documents.

WITNESS my hand and official seal in the City of Atlanta and the State of Georgia on March 18, 2010





Brian P. Kemp
Secretary of State

D

Control No: 10021086
Date Filed: 03/19/2010 11:28 AM
Brian P. Kemp
Secretary of State

March 19, 2010

# ARTICLES OF ORGANIZATION
## FOR GEORGIA LIMITED LIABILITY COMPANY

**The name of the Limited Liability Company is:**
GOLDEN DENTAL LABORATORY LLC

**The principal mailing address of the Limited Liability Company is:**
255 OLD MILL CT
FAYETTEVILLE, GA 30214

**The Registered Agent is:**
JOHN T GOLDEN
255 OLD MILL CT
FAYETTEVILLE, GA 30214
**County:** Fayette

**The name and address of each organizer(s) are:**
JOHN T GOLDEN
255 OLD MILL CT
FAYETTEVILLE, GA 30214

**The optional provisions are:**
No optional provisions.

IN WITNESS WHEREOF, the undersigned has executed these Articles of Organization on the date set forth below.

**Signature(s):**
Member/Manager, JOHN T GOLDEN

**Date:**
March 19, 2010



Control No. **10021086**

# STATE OF GEORGIA

## Secretary of State

### Corporations Division
### 315 West Tower
### #2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530

# CERTIFICATE
# OF
# ORGANIZATION

I, **Brian P. Kemp**, the Secretary of State and the Corporations Commissioner of the State of Georgia, hereby certify under the seal of my office that

## GOLDEN DENTAL LABORATORY LLC

### a Domestic Limited Liability Company

has been duly organized under the laws of the State of Georgia on **03/19/2010** by the filing of articles of organization in the Office of the Secretary of State and by the paying of fees as provided by Title 14 of the Official Code of Georgia Annotated.

WITNESS my hand and official seal in the City of Atlanta and the State of Georgia on March 19, 2010





Brian P. Kemp
Secretary of State

F

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

DAVID WOOD, individually and )
derivatively on behalf of AESTHETIC )
DENTAL ARTS, INC., )
                                     ) CIVIL ACTION FILE

       Plaintiff, ) NO. 3:10-CV-147

      v. )

JOHN GOLDEN, )

       Defendant. )

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of July, 2011, I caused to be served the foregoing **Amended Complaint** using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorney of record:

> Mr. John T. Sparks, Sr.
> Austin & Sparks, P.C.
> 2974 Lookout Place, N.E., Suite 200
> Atlanta, Georgia 30305-3272
> jsparks@austinsparks.com

Respectfully submitted this 6th day of July, 2011.

                            /s/ Christopher D. Brown
                            Christopher D. Brown
                            GABAR 140965
                            Attorney for Plaintiff
                            Miller & Brown, P.C.
                            P.O. Box 142908
                            Fayetteville, Georgia 30214
                            Ph. 770-461-2025
                            cbrown@millerbrownlaw.com